[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants filed a motion to dismiss claiming that the court lacks jurisdiction over the person due to the insufficiency of the service of process. This court held a hearing on the motion on 15 April, 1996.
The record shows that the present complaint is brought pursuant to the accidental failure of suit statute, Conn. Gen. Stat. § 52-592. The original case was dismissed on December 10, 1993. At the hearing it was agreed to by the parties that:
1. The present complaint was handed to Deputy Sheriff Frederick DiNardi on 7 December 1994.
2. That Deputy Sheriff DeNardi became ill and was hospitalized and gave the complaint to his wife/secretary around 11/12 December 1994.
3. Mrs. DiNardi gave the complaint to Attorney David R. Lynch in his office in Glastonbury, Conn., around the 11/12 December 1994.
4. Attorney Lynch gave the papers to Deputy Sheriff Charles J. Fisher, Jr., on the 12/13 December, 1994.
5. Deputy Sheriff Fisher served the papers on the defendants on 13 December[1]
The issue to be decided by this court is whether the delivery of the papers to Deputy Sheriff DiNardi on 7 December 1994 CT Page 4247 satisfies the requirements of Conn. Gen. Stat. § 52-593a
which states:
 Right of action not lost where process served after statutory period. When. (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought. If the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery. (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
This court finds that Conn. Gen. Stat. § 52-593a was complied with insofar as the papers were handed to Sheriff DiNardi on 7 December 1994 and served by Deputy Sheriff Fisher on 13 December 1994. The defendants argue that Conn. Gen. Stat. § 52-593a requires that both section (a) and (b) be read together. Here the defendants proffer that the service is violative of part (b) since the sheriff doing the actual service (Fisher) affidavit shows that he received the complaint after the one year statutory period, i.e. 12/13 December, 1994. Implicit in the defendants argument is the fact that the original receipt of the papers by Deputy DiNardi cannot by itself be found to comport with the requirements of the statute.[2]
A review of the case law finds this court agreeing with O'Neil, J. In Buck v. Esman, No. 365584 (Nov. 19, 1993) 10 CONN. L. RPTR. 413,1993 Ct. Sup. 10081, (Superior Court, Judicial District of Hartford-New Britain at Hartford) in which the court found that § 52-393a, parts (a), (b) must be read together as "they are parts of the same section, second because in subsection (b) the expression "any such case" refers to subsection (a) and third, because the requirement of an endorsement under oath shows the seriousness of the requirement in order to support any subsection (a) action. This court finds that subsection (a) alone is ineffective without subsection (b) compliance. See Aston v. Aston, Nigro, J., No. FA94 14527 (Oct. 27, 1995). CT Page 4248
This court has found cases where the lack of compliance with subsection (b) has been allowed to be cured by the sheriff by an amended return. See Aston, supra. This court was unable to find any and none were brought to its attention where a deputy sheriff passed the writ to another deputy sheriff.
A review of the record shows that this case has not been exactly pursued with diligence, and true to its history the papers were given to the deputy sheriff only three days prior to the one year period for service expiring. However, in viewing the purpose of Conn. Gen. Stat. §§ 52-592 and 52-593a, this court notes that each were designed around the public policy of allowing the litigant to pursue their lawsuit if it has been subject to a dismissal for non-meritorious reasons. Applying the policy to the present motion to dismiss, this court fails to see much, if any, distinction between handing the papers to a High Sheriff who then can designate a deputy to serve them, then giving them to a deputy first who gets them to another deputy who serves the papers within the statutorily allotted time. Both affidavits in the file when read together show that the service of process for commencing the present action was complied with in accordance with Conn. Gen. Stat. § 52-593a.
The motion to dismiss is denied.